UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-81473-CIV-SINGHAL

CLEVELAND L. COOLEY, JR.

    Plaintiff,

v.

WEST DETENTION CENTER,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on a *sua sponte* review of the record. Cleveland L. Cooley, Jr.'s ("Cooley" or "Plaintiff")—a pre-trial inmate housed at West Detention Center—filed a *pro se* Complaint under 42 U.S.C. § 1983 against West Detention Center ("Defendant"). (DE [1]). Because Cooley has not paid the filing fee and is proceeding *in forma pauperis*, *see* (DE [3]), his Complaint must be screened under 28 U.S.C. § 1915(e)(2)(B). Having considered the Complaint, record, and being fully advised, this Court dismisses the Complaint without prejudice.

I. BACKGROUND

On the evening of November 6, 2025, Cooley was walking to a sink to brush his teeth when he slipped on the floor, reinjuring his leg, which had been previously operated on in 2003. (DE [1] at 2). He asserts that there was water left unattended on the floor. *Id.* Cooley visited the detention center's medical unit, where a doctor said he suffered "concussions" and was "very stiff on the right side of [his] body." *Id.* at 2–3. Cooley has suffered from a loss of equilibrium and continues to be in severe pain, stating that although the medical staff prescribed him Naproxen, he still reports being in pain. *Id.* at

4. Cooley claims to have video footage of the incident and witnesses who can corroborate his account. *See id.* at 3. Ultimately, he demands $150,000 in damages for pain and suffering. *Id.* at 4.

## II. LEGAL STANDARD

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under 28 U.S.C. § 1915, the Court shall dismiss a complaint if it determines the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B)(i)–(iii). A pleading fails to state a claim for relief when it does not contain sufficient "factual matter (taken as true)" to "give the defendant fair notice of what the claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)."). A complaint need not contain detailed factual allegations, but must allege grounds for relief beyond just "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive dismissal, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

The Court holds *pro se* pleadings "to a less stringent standard than pleadings drafted by attorneys" and construes those pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, the Court does not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient

2

pleading in order to sustain an action." *Chapel v. Soc. Sec. Admin., Comm'r*, No. 24-11483, 2025 WL 1638846, at *2 (11th Cir. June 10, 2025) (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

    III.  <u>DISCUSSION</u>

The Complaint suffers from two fatal deficiencies.  First, Cooley brings a non-cognizable § 1983 claim against West Detention Center.  Detention centers are buildings, "not a person or entity that's capable of being sued in federal court."  *See Anaya v. Miami Beach City Hall*, No. 24-23995, 2024 WL 4527383, at *2 (S.D. Fla. Oct. 18, 2024) (collecting cases); *Jones v. City of Miami*, No. 23-CV-23024, 2023 WL 5289248, at *3 (S.D. Fla. Aug. 17, 2023) ("Jones also cannot sue TGK itself because the jail is a building—not an entity that's capable of being sued.").  *See also Stone v. Hendry*, 785 F. App'x 763, 767 (11th Cir. 2019) (stating that civil rights actions under § 1983 are suits against "*persons* acting under color of state law" for violations of a plaintiff's federal rights) (emphasis added).  Jones cannot sue West Detention Center under § 1983.

Second, slip and fall accidents are grounded in state tort law and are not viable constitutional claims under the civil rights statute.  *See, e.g.*, *Davis v. Hamilton*, No. 21-81906-CIV-SINGHAL, 2022 WL 1301733, at *2 (S.D. Fla. Feb. 8, 2022) (dismissing incarcerated plaintiff's slip-and-fall action because "negligence does not rise to the level of a constitutional claim actionable under § 1983."); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections); *see also Peterson v. Baker*, 504 F.3d 1331, 1336 (11th Cir. 2007) ("Section 1983 must not be used as a font of tort law to convert state tort claims into federal causes of action.") (quoting *Waddell v. Hendry County Sheriff's Office,* 329

3

F.3d 1300, 1305 (11th Cir.2003)).  Cooley's claims are state law claims not appropriate for a § 1983 suit.

This Court also notes that Cooley's Complaint fails to conform to the Federal Rules of Civil Procedure because it neither contains numbered paragraphs nor lists any causes of action.  *See* (DE [1] at 2–4); Fed. R. Civ. P. 10(b) (requiring that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").  The Court construes a *pro se* litigant's pleadings liberally, but in the future, this Court will require Cooley to number each paragraph and list each individual claim as a separate cause of action.

Additionally, Cooley filed a Motion for Leave to Proceed *in forma pauperis* ("IFP")*,* seeking to proceed without prepaying costs or fees.  *See* (IFP Mot. (DE [3])).  Prisoners "seeking to bring a civil action . . . without prepayment of fees or security therefor(e)" are responsible for filing an affidavit of indigency and "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a).  Here, the IFP Motion was not accompanied by a six-month inmate account statement.  The six-month account statement is needed because under Section 1915(b), if a prisoner brings a civil action IFP, the prisoner must pay the full filing fee, which will be assessed in partial payments by this Court.  This Court cannot make the determination required by Section 1915(a) as to a payment schedule without the six-month account statement.

IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint (DE [1]) is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may file a new case that cures the deficiencies identified above. The new Complaint shall:

    a. Contain a short and plain statement of Plaintiff's claims against each named Defendant, a basis for federal jurisdiction, and a demand for judgment;

    b. Be either typed in 12-point font or larger and double-spaced or handwritten legibly; and

    c. Be written on the § 1983 complaint form attached to this order.

3. The Motion for Leave to Proceed IFP (DE [3]) is **DENIED**.

4. Should Plaintiff choose to file a new case, Plaintiff shall either pay the $405 filing fee or file a proper IFP motion *and* attach a certified copy of his prison/jail account statement from each facility at which he was confined for the six-month period immediately preceding the filing of the Complaint.

5. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the civil rights complaint form and short-form IFP motion, together with this Order, at the address listed below.

6. The Clerk is directed to **CLOSE** this case and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of November 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished via Postal Service to:

Cleveland L. Cooley, Jr.
0248969
West Detention Center
Inmate Mail/Parcels
P.O. Box 1450
Belle Glade, FL 33430
PRO SE